We will hear argument next in Olabi v. Garland. We will hear argument next in Olabi v. Garland. I'd like to reserve four minutes for rebuttal. After he was ordered removed, Nader Olabi filed a compound motion to reopen and reconsider with the Board of Immigration Appeals, seeking three things. Reopening or reconsideration to permit the board to reinstate his appeal. Second, reopening based on new evidence related to adjustment of status, which the immigration judge did not adequately explain to him. And third, reconsideration based on errors the immigration judge made in finding him ineligible for relief. The board erred with respect to all of these. The board erred with respect to all three by concluding that it lacked jurisdiction under the place of filing rule. This holding squarely contradicts this court's decision in Hernandez v. Holder. But the board's alternative holding was also incorrect, because it held that Mr. Olabi's earlier request to withdraw his BIA appeal was a tactical gambit, a decision made by a person who's pro se, detained, and that's based on advice, incorrect advice from another detained person, that the BIA itself knows is incorrect and, moreover, was against his best interest, should not be taken as a tactical gambit, especially when there's conflicting evidence in the record. Moreover, the board applied the wrong standard in its alternative holding. Did not the board refuse the motion to reopen because it referred to the place of filing rule, and it didn't base it upon it being jurisdictional. It simply said that we have not considered the Respondent's case on the merits. So the motion is not properly before us, was not properly before the board, it said, because the board is not the one that had ever considered it on the merits in the first place. Well, Your Honor, I believe that they did — this was a jurisdictional holding. If you'll see in the next paragraph, the board found that — went to its alternative holding saying, even if we have jurisdiction, and went on to make the other holding. That indicates that the first holding was — was jurisdictional. It also relies upon the board's place of filing published decisions, which treat the rule as jurisdictional. It doesn't cite this Court's decision in Hernandez, which is where it was found not to be jurisdictional, and it functionally treats it as jurisdictional by not considering exceptions to the rule, despite the fact that the — that the government didn't raise. But is that really material here in that the board did not refuse his motion to reopen because it believed that it was jurisdictional, necessarily? It was a matter of where it should be — where the right should be asserted in the appropriate venue. Isn't that correct? The place of filing rule relates to appropriate venue for filing motions to reopen. The question is whether that rule — whether that venue provision is jurisdictional or not. If it's not jurisdictional, then it's subject to exceptions, right? It can be waived or forfeited. But if it's jurisdictional, it sort of doesn't matter whether the government objects to venue. It still necessarily is going to say, we can't hear this case. And what — so, I mean, I guess I suppose that we agree with you that they treated this as jurisdictional, and there's no dispute that it really is not, in fact, jurisdictional. Even a non-jurisdictional rule is, as you say, subject to waiver and forfeiture. But the board may excuse waiver or forfeiture and consider a procedural rule sua sponte if it deems that appropriate. So what would — if we read what they did, setting aside the jurisdictional language as simply sua sponte invocation of a non-jurisdictional procedural rule, why is that wrong? Well, it's wrong in different ways with regards to different parts of the decision. With regards to the motion to reopen and reconsider the withdrawal itself, it's incorrect even under the BIA's place of filing rule. As — sorry, I thought you didn't — No, no, no. But as regards to the — Ben, why is that? Oh, so the BIA's place of filing rule, right, the venue provisions for motions to reopen or reconsider in filing with either the Immigration Court or the BIA, it's not set out by statute or regulation. It's found in two BIA decisions, matter of Melendino and matter of Lopez. Now, those decisions essentially boil down to the idea that the adjudicator that makes a decision should be the one to hear a motion challenging that decision, right? The adjudicator that actually made the decision at issue is the one that should be hearing it. And so the challenges to whether or not the BIA should reinstate Mr. Olabi's appeal, those related to the BIA's decision itself to withdraw the appeal, right? If those were sent to the immigration judge instead, the immigration judge had nothing to do with the underlying decision, and so it doesn't sort of comply with the logic of the place of filing rule. The place of filing rule itself came in the context of decisions, BIA appeals that were dismissed for untimeliness, right? And they said if the subsequent motion looks at timeliness, it should still go to the board. That's functionally what's happening here with a portion of Mr. Olabi's motion that dealt with the withdrawal of the appeal and the reinstatement of the appeal. Following up on Judge Miller's question and Ms. McLeod-Walt, so I understand that the rule requires to file a motion to reopen under Melodino, if I'm pronouncing it correctly, the case to which you just made reference, with the same entity that adjudicated the decision to be reopened. And if I have the chronology wrong here, please correct me. But essentially, Mr. Olabi came to the United States on a B-2 tourist visa in 2001, correct? Yes. And 21 years later, having not attained American citizenship, he was arrested and charged with a domestic violence offense, which brought him within the auspices of the immigration authorities. And he even pled guilty in August of 2022 to that offense. Is that not correct? I would clarify that Mr. Olabi was brought into the embit of immigration authorities because he was charged with overstaying his visa, not frantic criminal conduct. I understand. That's fair comment. And so then he appeared pro se before the immigration judge in September of 2022. And the immigration judge, in the context of this case, meaning you mentioned the context of the place of filing rule, there was postponements to September 20, to October 19, to November the 3rd of 2022, all of which each time he was advised of his need for counsel or whatever, he continued to have postponements. There were a series of postponements, correct? There were several, several continuances. There were three. There were literally four appearances by him in a period of six weeks. And then finally, there was, he proceeded with a hearing on November 21st of 2022, at which time he was ordered removed. And then you made reference to his appeal or withdrawing about two weeks thereafter, on December the 5th of 2022, he then appealed the removal. And then ultimately, four months later, on March 3rd of 2023, he then withdrew his appeal. Is that not correct? I will clarify. There's a couple of intervening events. All right, let's find out, because I want you to clarify, because there's some suggestion by the government that Mr. Alabi was gaming the system after a while. And that ultimately, he then, April 7th of 2023, he moved to withdraw his, I mean, he moved to, for reconsideration. So I guess my point I'm trying to make, and I'm asking you so you can explain it to me, the notice of the place of filing rule in terms of who actually rendered the decision. I think if you're going to say we have to look at that in context, we need to look at the chronology of this entire case in context. So if you can provide some context for me as to that. Certainly. So Mr. Alabi, as you mentioned, was pro se before the immigration judge. He received a few continuances. He was detained. It was difficult for him to obtain evidence. His family was looking for a lawyer for him. They weren't able to do so. He wasn't able to afford one. They ultimately proceeded pro se. Mr. Alabi, still pro se, filed a notice to appeal. He filed an extension request for his briefing deadline, but the board rejected it on technical grounds. Shortly after that, he received incorrect advice, said he could file a motion to withdraw. He didn't understand that that ended, would end his appeal. He believed it just would give him another opportunity to go back to the immigration court where he could discuss bond. Not knowing the impact of this filing, he filed it. The board issued a decision withdrawing the appeal. Shortly afterwards, Mr. Alabi obtained counsel who explained to him the first time what it had meant when his appeal was withdrawn. And clearly the board never rendered any opinion on the merits, correct, without question? No, Your Honor. But the motion to reconsider did not address only the merits of what happened at the IJ. It also addressed the merits of whether his appeal should have been withdrawn. That was within the ambit of the board, is what I'm saying. So that was my comments earlier were about the motion to reconsider and reopen in order to present evidence regarding the withdrawal of the appeal to the board. Now, as you mentioned, the motion also included information or challenges to what happened before the immigration judge, right? And so if those had been raised on their own under the place of filing rule, it certainly would have made sense to file those with the immigration judge. But the place of filing rule did not — none of the published decisions on that actually involve cases in which there are challenges to what was done both by the BIA and by the immigration judge, right? This is a situation that falls sort of outside of the specific context of those decisions and this Court's decision in Hernandez. And so Mr. Olabi, rather than filing two separate motions, putting his case before two different adjudicators at the same time and further procedurally complicating it, filed the entire motion with one adjudicator who was the one who made the decision about the withdrawal of the appeal. That was his primary argument. And so when the board dismissed or applied the place of filing rule jurisdictionally without considering the merits of anything beyond the reconsideration request with the withdrawal decision, it treated the rule as jurisdictional, but even if it wasn't, it didn't consider whether in this complicated scenario forfeiture or waiver should have applied or some other equitable exception like transfer. Can I ask? So I think I understand the basis for the motion to reopen, but why would reconsideration be appropriate? I mean, the action that you're seeking to reconsider is the board's dismissal of the appeal. They got a motion asking them to dismiss the appeal. They granted that. I'm struggling to see what there would be to reconsider. Sure, certainly. I realize I'm at time here. So motions to reconsider and reopen are procedurally distinct vehicles. One is about sort of addressing the record at the time of an agency decision. And Mr. Olabi argued that the board should have known that he wasn't sort of understanding what he was doing. He had just filed an extension for his appeal brief. He was trying to pursue his appeal brief. In addition, presented new evidence, which is motion to reopen standard, sort of supporting that same claim, explaining why he did the things he did, presenting information that the board didn't consider. But to your point, if it was more appropriate as a motion to reopen, it's very strange then that the board only considered it as a motion to reconsider. You can reserve the rest of your time. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court. Rob Stalzer on behalf of the AG. Your Honors, I want to start where my sister counsel stopped, and that was that this was a compound motion that was complicated, and therefore the board had to consider it. That's incorrect, Your Honors. There were two motions here. They were all clumped together. It was compound. It was a motion for reconsideration and reopening. To the extent it was a motion for reopen, in other words, they wanted to bring new evidence on the adjustment. They wanted to bring new evidence on the withholding. Those questions were not in front of the board properly because they never reached the merits because he withdrew his appeal. And so that's why the place of filing rule operated in this case, and they instructed in the footnote said, you should have raised those questions with the immigration judge because that was the issue before him. Can you just take us through what you understand to be the basis for the board's decision? Because I will just tell you I find it very difficult to understand what the board thought that it was doing. Okay. Absolutely. Yes. As we understand it, petitioner's motion to reconsider and reopen raised three issues. The issue first was he wanted to present his issues on appeal. I think, yeah, the respondent requests that the board allow him to brief issues on appeal. And at that point, his appeal had already been withdrawn. And the final agency adjudication was the immigration judges. And then the other two issues in the motion were on adjustment, saying the immigration judge should have done more to explain adjustment to me and maybe adjudicate that application. And then also that he should have further adjudicated the withholding claim. I think he wanted to bring a anglophile claim and I think probably a religion claim. And so the board saw these are the three issues. As far as the immigration judge determinations go, they're not in front of the board. And the reason for that is because of the place of filing rule. Because the board never had a chance to reach the merits, the board instructs, hey, you have to raise those with the immigration judge first. Now, that left the, I should, you should, you should hear my issues on appeal request. That was, and for that one, the board said, okay, even assuming we hear this, and although they used there the word jurisdiction, which they probably shouldn't have, in that sense, the colloquial sense, if we hear this, then we would say no. And they explained their reasons for that. So, I mean, do you think they did dismiss for lack of jurisdiction? Absolutely not. They told us why they dismissed. They said, quote, the motion is not properly before us. Right. Here's the problem I have with that. And I, at first, my first reading of it, I kind of agreed with you that they may have used some loose language and they were referring to, not referring jurisdictionally, but they did use jurisdiction in the next paragraph. And then they cited a case that was jurisdictional. For the motion to reconsider question. Right. But, I mean, I mean, it's hard for me to see how they weren't treating it as a jurisdictional problem when they say jurisdiction and they cite a case that is jurisdictionally based. For the motion to reopen portion, they didn't treat it as jurisdictional. They said it wasn't before us, which sounds to me like venue, which goes to the place of filing. That's the claims processing rule that the Court upheld in Hernandez against Holder. And that was the two questions regarding the immigration judge determinations. On the question of whether the board should have reconsidered the withdrawal of his appeal, the board appropriately said, okay, for reconsideration, you have to specify an error of law or fact. And you failed to do that. There's nothing legally wrong with the withdrawal. That's routine and codified in the regulations. They simply say, I want to withdraw my appeal. And the board says, okay, you are the master of your own appeal. If you want to withdraw, you can withdraw for whatever reason you want. The question then becomes, when he holds his hands up and he says, I got that advice, and I would really like you to hear my appeal, is that an error with the board decision? No. There's no error with the board. He erred. He shouldn't have taken the jailhouse advice. But that error isn't attributable to the board, and there's no other real exception that the board — I mean, the petitioner didn't ask for it, but perhaps he could have asked for sua sponte reopening or reconsideration, and he didn't ask for it in his motion. But as far as applying just, you know, for a motion to reconsider, you need to specify an error of fact or law, he didn't. And for reopening, what was the basis for denying that? The place of filing rule. And that's what you're saying, even though they said, even if we had jurisdiction and cited a case about jurisdiction and invoked it sua sponte, we should read their decision as not having believed it was jurisdictional? The decision as applying to two different requests. One is a motion to reopen, and that's what the place of filing rule applies, and that was not jurisdictional. That was because it wasn't properly in front of the board. The other question regarding the withdrawal — now, that was the only decision the board made in the case, right? So that's the only decision that could be reconsidered by the board, is whether it should rescind the grant of his withdrawal. And that's why that one, even though they said the word jurisdiction, and they probably shouldn't have, they should have said, oh, even if we consider your motion to the extent you're challenging the withdrawal of your appeal, we wouldn't grant because you haven't shown us an error of factor law. So do you agree that with respect to the motion to reopen, the only holding from the board is this procedural-slash-jurisdictional one, and that they did not address it on the merits in the alternative? No. There's no alternate holding on the merits of the motion to reopen portion, which related to his — Okay. Because the third paragraph says we would not reopen, but then they cite the reconsideration standard, and they said that's just another misstatement. They did because that was the — and that's what he was asking for. He said, I want to raise these issues on appeal, which the effect of granting his reconsideration of the withdrawal would be to reopen the case in front of the board. So they used the word reopen there. But what they're evaluating there is whether he can show an error with the withdrawal of his appeal, because the effect of granting that would then begin — would restart his case in front of the board. It would reopen it. But what they say is the motion to reconsider and reopen and stay request will be denied. I mean, they seem to be speaking more broadly. That's how he — that's how he titled his — Yeah, I know. Yeah, yeah. I think that's the summation — summing up what they're doing. But that's how he labeled his motion. And, of course, motions are based on substance, not how they're labeled. And in this one, that's what the board did. It said, well, we've got these three questions in front of us, withdrawing, and then the two-immigration judge — well, the two-immigration judge, those should go to him because he did the case. And as far as withdrawal goes, if we were to reach it, which they should have just reached it, but they said if we're going to reach that, we would deny it because it's not an error of factor law with our decision. And what about — so it's a matter of Lopez, which I recognize was a reconsideration case, not a — not a reopening case, but the logic seems to apply equally in both said that there's an exception to the place-of-filing rule when, you know, the claim is really about the board's jurisdiction. And so the — here, the question is, you know, should the board really have dismissed the appeal or not? Or, you know, is there, you know, on the reopening motion, you know, here's some additional evidence that would explain, you know, what I was doing and why you shouldn't have dismissed the appeal. That's about something the board did. Why does that have to go back to an IJ, for the IJ to decide the propriety of the board's having dismissed an appeal? I don't think the board said that that should go back. I think the board said that the immigration judge question should go — be in front of the immigration judge, and that they would not have granted the motion to reconsider the withdrawal of the appeal. But they — but I — part of his claim relating to — or one of the things he was trying to do in order to get the appeal — not to use any of the technical terms, get the appeal going again — was a motion to reopen, right? And that, I think you just said, they only dismissed under the place-of-filing rule and didn't consider on the merits. Right. They did not consider the merits of the questions he raised relating to the immigration judge decisions. Because those had never come in front of the board, the place-of-filing rule operated, and those have to be filed in front of the immigration judge. But one decision that they could reach, which they did discuss on the merits, was the withdrawal. And said, okay, to the — and that's obviously the length of the — to the extent you're making — to the extent we have jurisdiction over this — over this request to reopen your hearing, we don't find an error-of-factor law in our determination to grant your withdrawal. But that's the — that's the reconsideration standard, right? Yes. Not — that doesn't — I thought he was trying to reinstate the appeal through reconsideration or — and also through reopening, and that doesn't address — Right. Yeah, reopening doesn't really fit that question, though. Right? When you reopen — a motion to reopen is a fact question. It says that something new has come up, either a change in circumstances or redevelopment of facts or rediscovery of new facts. And therefore, you need to reopen to address this new evidence. It's evidentiary. By contrast, a motion to reconsider is a motion saying, hey, the prior order was erroneous for whatever reasons, and therefore, you need to revisit it. And that's what he did here. When he — literally, he asked, he said, the Respondent requests that the Board allow him to brief issues on appeal. Okay, at that point, his appeal had — was already withdrawn, and the immigration judge's order was final. So the only thing he could be asking as regards the withdrawal of his appeal is reconsideration. Well, and — so what — I mean, suppose he says — and I think maybe this is what he's saying in part — I'm not saying that you were wrong to dismiss the appeal when I asked you to dismiss the appeal. But I am saying, I want you to look at this evidence that shows that I didn't really understand what I was doing and, you know, I got bad advice. Is that — is that sort of claim properly advanced in a motion for reopening or reconsideration? Well, we don't have a Board decision directly on point, but under Blatineo and Lopez, it's persuasive for the Board to say, okay, because we're the ones who issued this order that you're now asking us to revisit, we should be the ones to consider it, which is what they did in that third paragraph. And I suppose, you know, he could — he could have asked for sua sponte reconsideration or sua sponte reopening. I don't know that the facts are there to have made an ineffective assistance of counsel. I mean, it's a jailhouse lawyer. I don't think it's a real lawyer. The court's jurisprudence when it comes to non-lawyers giving advice usually has to rely on fraud. So, I mean, there might be other vehicles there, but it's just not that motion that petitioner brought. So in this instance, one of his claims is that the IJ did not properly advise him about adjustment of status. Wouldn't you agree that that is an issue that goes to the Board? No. Why? Not in a motion — not in a motion to reopen, Your Honor. On appeal, yes. That's — Yes. That's what he should have mentioned. I mean, the IJ couldn't decide whether or not the IJ had violated due process. That's a decision for the Board. Right. Well, no. I mean, theoretically, you could — you could ask the IJ to reconsider. Right. Well, you would raise that issue on appeal, though. Right. You don't raise that issue for the first time in a motion to reopen. But that's what he was trying to do, is to say, I want to reopen my appeal. Right. When you get back to the — where you should file this, I don't think that the procedural due process challenge should be filed before the IJ. Would you agree? Well, I don't read his — I don't read his motion to be a procedural due process claim, but — What I see him trying to do — and I'm sorry to interrupt. I'm trying to explain, not interrupt. So bear with me. If — what he wanted to do was reopen his appeal to raise the issue of the IJ's failure to advise him. Now, how does that fit into the where he should have filed rubric? Because it seems to me, yes, I mean, that was an appeal issue. He just ran to reopen his appeal. Right. So to the extent he — So the place to file, how does this fit into that? Okay. To the extent he's trying to reopen his appeal, that question goes to the board. But to the extent of the issue that you're raising, that the immigration judge erred, absent an appeal, which at that time could have already been closed, he could only have raised that via a motion to reopen potentially with the immigration judge. And maybe that would have been successful, and maybe the immigration judge would have said, no, you can't do it. But the place of filing rule doesn't go to the merits of the question. It just goes to the venue. Where does this motion belong? And because he had withdrawn his appeal, the substantive motions, the substantive parts of his motion had to go to the immigration judge, at least so far as the applications for relief that he was seeking and the applications that the immigration judge had adjudicated. You would agree that the board had the power to reopen the appeal? They had that power, but they're not required to. They have that power because they could always sua sponte, do whatever they want. But just because they can sua sponte reopen it doesn't mean they have to. And that's what they did here. I mean, it seems to me it gets, you know, leaving the question of whether they got jurisdiction right or not aside, it comes down to abuse of discretion. Right? Well, yes, that's the standard. For us. It's abuse of discretion. Yes, it is an abuse of discretion standard. And we would say they didn't here. They explained what they were doing. They explained why. No, this isn't pathbreaking by any means. This is a matter that has been around for almost 50 years. And practitioners generally know if the case never made it on appeal, then you have to file your motions to reopen with the immigration judges. And if you were to go now and file a motion to reopen with the IJ, would that be numerically barred? I'm not sure, Your Honor. I tend to think not. Only because in its decision the board said, we're not considering this at all for the motion to reopen parts. They had said, oh, no, you filed in the wrong place. And they instructed in that footnote, this stuff should be filed with the immigration judge. So I don't know that he would be numerically barred at this point. So which is to say that a motion filed in the wrong place just doesn't count toward the number bar? Yeah, where the board says we're not considering this. Do I understand, Mr. Stolzer, that the underlying merits of this, as I understand it, in terms of any proffer of what the cause of action was essentially in challenging this, is the never-ending battle between the Anglophiles and the Francophiles in Cameroon, which continues to this day. Isn't that the thrust of this? I know that's one claim that he wanted to make. It's not one that the board ever reached. Right. My point was, for whatever reason, it was never litigated in front of the immigration judge, correct? Right. Yeah, he didn't rule on that basis. What other issues were even potentially to be raised other than that in terms of, as I understand it, the situation changed to the Francophiles dominate, the French-speaking portion of Cameroon, to the detriment of the Anglophiles, English-speaking people of Cameroon. Apart from that issue, what other potential issue was ever even brought to the board on the horizon? Well, I know now he wants to apply for adjustment through his U.S. citizen wife. And at the time, the immigration judge actually discussed adjustment with him in two of the hearings, saying that you have to file some forms for this, we don't have the forms yet, and eventually deemed that application abandoned. I know Petitioner, after the immigration judge's decision, filed copies of an I-130 immigration petition from the wife. So there was more factual development of that, but that all came later. Right. So again, that would all end up being wrapped up in a motion. In terms of being dealt with by the immigration judge in terms of taking evidence and making findings. Right. And again, that's essentially why the place of filing rule exists, because on this merit stuff that the board has never had an opportunity to reach, the immigration judge is the expert on that, and they need to address it first. Thank you. If there are no other questions, Your Honors. Thank you very much. Thank you for your time. Good morning, Your Honors. First, as to the withdrawal decision, as Your Honors were mentioning, Mr. Olabi sought both reopening and reconsideration for the reasons that you mentioned. He thought it was wrong at the time, that's appropriate for reconsideration, and he thought he had new evidence to submit to show even not on the record that they had a time with this new evidence, that the decision should be reopened. The board did not address that. Well, if they were going to deny the motion to reconsider, they didn't really have to get to a motion to reopen, did they? Yes, they did. There are two separate bases for returning the... Oh, sorry. No, go ahead. Because reopening and reconsideration are two separate bases for returning a No reconsideration isn't warranted, but reopening is. And that was a problem here because the board found that it didn't want to hear the case because, as opposing counsel mentioned, they didn't think that there was an error of law or fact. What Mr. Olabi was also arguing was that there was new and previously unavailable material evidence that warranted reopening. That was not a sua sponte request. This was a timely motion under the statute. So I asked for the motion to reconsider. How did the... Leaving aside jurisdiction and all that, what's wrong with the decision of the board? I mean, it's abuse of discretion review. And they said, you know, you got bad advice, so what? There's nothing wrong with that, is there? I think that there is, Your Honor. I think that, first, they looked at it under the wrong standard. They didn't look at whether it met the standard for reopening. So that's one legal error. And in addition, because of perhaps their sort of parsimonious reading of what Mr. Olabi was requesting, they didn't look at all of the new evidence in front of them, which suggested this wasn't a tactical gambit, as they mentioned. But instead, this was somebody who didn't know that his motion was going to end his appeal, had been confused through the entire process, and was, in fact, there was presented evidence that he was assuming that his appeal would continue. His family was continuing to look for a lawyer for him to represent him in this. And so because the board didn't consider that, its decision was necessarily incorrect in finding that this was a tactical gambit not warranting reinstating the appeal. With that in mind, I would request that the board's decision be vacated and remanded for proper treatment of the rule as non-jurisdictional and reinstatement of the appeal. Thank you. Thank you very much. Thank you. Thank both counsel for their helpful arguments, and the case is submitted.
judges: THOMAS, MILLER, Bennett